# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BARRY LOUIS NATALE,

Appellant,

v.

OFFICE OF PERSONNEL
MANAGEMENT,

Agency.

DOCKET NUMBER
PH-0831-20-0190-X-1

DATE: May 12, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Barry Louis Natale, Norwalk, Connecticut, pro se.

Jo Bell, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

**FINAL ORDER**

¶1        In a February 3, 2021 compliance initial decision, the administrative judge found the Office of Personnel Management (OPM) in partial noncompliance with the Board's July 29, 2020 final decision, which reversed OPM's reduction of the appellant's Civil Service Retirement System (CSRS) annuity to exclude post-1956 military service for which he had not made a deposit.  *Natale v. Office of Personnel Management*, MSPB Docket No. PH-0831-20-0190-C-1, Compliance File, Tab 40, Compliance Initial Decision (CID) at 1-6.  For the reasons discussed below, we now find OPM in compliance and DISMISS the appellant's petition for enforcement.

**DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE**

¶2        In the compliance initial decision, the administrative judge found that, while OPM had complied with its obligation to allow the appellant to make a post-retirement military service deposit, it failed to establish compliance with its obligation to determine whether his military service deposit should be adjusted for civilian pay contributions he made during three specified periods of military service:  March 4, 2002, to September 15, 2003; October 1, 2003, to June 3, 2004; and August 1, 2004, to March 15, 2005.  CID at 3.  Accordingly, she granted the appellant's petition for enforcement and ordered OPM to take the following actions:  (1) make a final determination as to whether the appellant's military service deposit should be adjusted for the civilian pay contributions he made during the three periods of military service; (2) pay the appellant the appropriate amount in retroactive annuity payments and provide him a comprehensive statement as to how OPM calculated those payments; and (3) make a final determination as to whether the appellant is entitled to interest on the retroactive annuity payments, which were delayed as a result of Government errors, and, if so, how much.  CID at 6.

¶3      The administrative judge informed OPM that, if it decided to take the ordered actions, it must submit to the Clerk of the Board a narrative statement and evidence establishing compliance. CID at 7. The administrative judge further informed the agency that, if it decided not to take all of the ordered actions, it must file a petition for review of the compliance initial decision. CID at 7-8. The administrative also informed the appellant of his option to file a petition for review of the compliance initial decision. CID at 9.

¶4      Neither party filed any submission with the Clerk of the Board within the time limit set forth in 5 C.F.R. § 1201.114. Accordingly, pursuant to 5 C.F.R. § 1201.183(b)-(c), the administrative judge's findings of noncompliance have become final, and the appellant's petition for enforcement has been referred to the Board for a final decision on issues of compliance. *Natale v. Office of Personnel Management*, MSPB Docket No. PH-0831-20-0190-X-1, Compliance Referral File (CRF), Tab 1.

¶5      On March 17, 2021, the Board issued an acknowledgment order directing OPM to submit evidence showing that it has complied with all actions identified in the compliance initial decision. CRF, Tab 1 at 3. In response, OPM submitted a February 4, 2021 letter it apparently sent to the appellant. CRF, Tab 2. The letter reflects, in relevant part, that the appellant made military service deposits in the amounts of $3,271.02 for the period of service from March 4, 2002, to September 15, 2003; $1,749.13 for the period from October 1, 2003, to June 3, 2004; and $1,594.15 for the period from August 1, 2004, to March 15, 2005, for a total of $6,614.30. *Id.* at 4. In addition, the letter states that—apparently as a result of the post-retirement military service deposits—OPM increased the "gross rate" of the appellant's CSRS annuity from $2,630.00 to $2,921.00 and determined that he was entitled to a retroactive annuity payment for the period from February 1, 2018, through January 30, 2021, in the gross amount of $10,150.00. *Id.* at 4. OPM indicated that the increased annuity would be reflected in the appellant's March 1, 2021 annuity payment and that the

retroactive annuity payment would be paid out separately in a lump sum in 3 to 5 business days. *Id.* at 5.

¶6      On March 22, 2021, the appellant responded to OPM's submission. CRF, Tab 3. He stated that "not all of the provisions detailed in OPM's letter . . . have become a reality." *Id.* at 3. In addition, he stated that he had not received any interest on the retroactive payment. *Id.* OPM did not respond.

¶7      By order dated April 12, 2021, the Board ordered OPM to address the appellant's allegations of noncompliance, as well as its compliance with the administrative judge's orders to make final determinations as to whether the appellant's military service deposit should be adjusted for the civilian pay contributions he made during the three periods of military service and whether the appellant is entitled to interest on the retroactive annuity payment delayed due to Government errors and, if so, how much. CRF, Tab 4.

¶8      OPM responded to the Board's order on May 3, 2021. CRF, Tab 5. As to whether the appellant's military service deposit should be adjusted for the civilian pay contributions he made during the three periods of military service, OPM averred that the separating agency, U.S. Postal Service (USPS), had the power to do so, not OPM. *Id.* at 4-5. OPM explained that, when a Federal civilian employee retires, the separating agency creates an Individual Retirement Record (IRR) that reflects the employee's military and civilian service during his Federal employment and that OPM relies on this record to calculate retirement annuities and military deposits. *Id*. at 5. OPM stated that it has no authority to amend an IRR on its own. *Id.*

¶9      In response to OPM's submission, the appellant argued that OPM was still not in compliance with the Board's final order and stated that OPM owed him 3 years of interest on the $10,150 retroactive annuity payment and a refund with interest of the civilian CSRS deposit ($1,449.85) he made while serving on active duty while an employee of USPS. CRF, Tab 7 at 4-5.

¶10     On September 28, 2021, OPM submitted a copy of an August 18, 2021 final decision addressing the two outstanding compliance matters.[3]  CRF, Tab 8.  First, OPM reiterated its position stated in its May 3, 2021 compliance submission that the separating agency, USPS, not OPM, determined the amount of the military service deposit when it amended the IRR and that OPM has no authority to amend the IRR.  *Id.* at 4.  OPM referred the appellant to contact USPS if he believed his military service deposit was incorrect.  *Id.*  Second, OPM stated that "[t]he statute is silent regarding you being compensated in interest due to delayed annuity payments" and directed him to contact USPS for other possible remedies to which he may be entitled.  *Id.*  OPM indicated that this was the final decision of OPM and notified the appellant of his right to appeal the decision to the Board.  *Id.*

¶11     The agency bears the burden of proving that it has complied with a final Board order.  *Pace v. Office of Personnel Management*, 117 M.S.P.R. 49, ¶ 12 (2011).  Compliance must be supported by relevant, material, and credible evidence.  *Id.*

¶12     As noted above, the administrative judge found that, to be in compliance with the Board's final order, OPM must take the following actions:  (1) make a final determination as to whether the appellant's military service deposit should be adjusted for the civilian pay contributions he made during the three periods of military service; (2) pay the appellant the appropriate amount in retroactive annuity payments and provide him a comprehensive statement as to how OPM calculated those payments; and (3) make a final determination as to whether the appellant is entitled to interest on the retroactive annuity payments, which were delayed as a result of Government errors, and, if so, how much.  CID at 6.

---

[3] The decision also notes that the appellant may hold his separating agency responsible for any interest he had to pay on his military service deposit due to the Government's error or delay.  CRF, Tab 8 at 4.  However, this issue is not presently before the Board in this compliance matter.

¶13 In its August 18, 2021 final decision, OPM addressed the first and third outstanding compliance matters. CRF, Tab 8 at 4. As to the military service deposit, OPM essentially stated it has no authority to adjust the appellant's military service deposit and that he must seek such an adjustment from USPS.[4] *Id*. As to interest on the delayed annuity payment, OPM stated that the statute, 5 U.S.C. 8334, "is silent" on this issue and again directed the appellant to contact USPS. *Id.* Although OPM has not made the specific findings ordered by the administrative judge—i.e., to determine *whether the appellant is entitled* to an adjustment to his military service deposit and to interest on the retroactive annuity payment—we construe the August 18, 2021 final decision as OPM's final determination on these issues. *Id.* Specifically, we find that OPM has finally denied the appellant's request for an adjustment to his military service deposit on the ground that it lacks the authority to determine the appropriate military service deposit or to implement any adjustment to the amount. *Id.* In addition, we find that OPM has finally denied the appellant's request for interest on the delayed annuity payment on the ground that it lacks the authority to award such interest. *Id.* Accordingly, we find OPM in compliance with its obligation to make a final determination as to these issues.[5]

---

[4] In its May 3, 2021 compliance submission, OPM stated: "YES. The appellant should have his military service deposit adjusted for the civilian pay contributions made during his military service." CRF, Tab 5 at 4. OPM further stated, however, that USPS, not OPM, is responsible for making such an adjustment. *Id.*

[5] If the appellant wishes to challenge OPM's final determination that it lacks the authority to adjust his military service deposit or to award interest on the retroactive annuity payment, he must file a new Board appeal of OPM's August 18, 2021 final decision, if he has not already done so. As stated in OPM's final decision, however, an MSPB appeal of OPM's decision generally must be filed within 30 days after the date of the decision or 30 days after receipt of the decision, whichever is later. CRF, Tab 8 at 4; *see* 5 C.F.R. § 1201.22(b)(1). Nonetheless, the Board may waive the time limit if there is good cause for the delay. 5 C.F.R. § 1201.22(c). To establish good cause for an untimely filing, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Williams v. Office of*

¶14     Regarding the second action required to establish compliance, OPM provided a copy of a February 4, 2021 letter to the appellant explaining that it increased the gross rate of his CSRS annuity from $2,630.00 to $2,921.00 and that this increase entitled him to a retroactive annuity payment for the period from February 1, 2018, through January 30, 2021, in the gross amount of $10,150.00. CRF, Tab 2 at 4. Although the appellant responded to the agency's submission by arguing that "not all of the provisions . . . have become a reality," he did not object to the amount of the retroactive annuity payment or the adequacy of its explanation. CRF, Tabs 3, 7. In addition, he has since acknowledged that he received the retroactive annuity payment. CRF, Tab 7 at 5. Accordingly, we find that OPM is in compliance with its obligation to pay the appellant an appropriate retroactive annuity payment and to explain its calculations to the appellant.

¶15     In light of the foregoing, we find that the agency is now in compliance and dismiss the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

---

*Personnel Management*, 109 M.S.P.R. 237, ¶ 7 (2008). Among the factors that will be considered are the length of the delay, the reasonableness of the appellant's excuse and showing of due diligence, whether the appellant is proceeding pro se, and whether there were circumstances beyond the appellant's control that affected his ability to comply with the time limit or seek an extension. *See id*.; *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table); *see also Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980) (listing more factors, including circumstances showing that any neglect was excusable neglect). Here, if the appellant appeals OPM's August 18, 2021 final decision only upon receipt of this final Board decision, the administrative judge should consider, in assessing whether good cause exists for the filing delay, whether the lack of clarity regarding whether OPM was making a final decision on the outstanding compliance matters in this appeal affected the appellant's ability to timely file a new Board appeal.

**NOTICE OF APPEAL RIGHTS[6]**

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[7]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:            /s/ for
                                      Jennifer Everling
                                      Acting Clerk of the Board

Washington, D.C.